**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-50035-001-TUC-SHR(MAA) |
| Plaintiff, | **ORDER** |
| v. | |
| Wilfredo Zuniga-Cardona, | |
| Defendant. | |

Pending before the Court is Defendant's Motion for Compassionate Release, which also included a brief request for appointment of counsel (Doc. 37). For the following reasons, the Court will deny the Motion.

"Ordinarily, a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (quoting *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021)). However, under 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, certain inmates can "seek a form of sentence modification called compassionate release by filing motions to that effect with the district court." *United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022); *see also* First Step Act, Pub. L. No. 115-391, § 603, 132 Stat. 5194 (Dec. 21, 2018). Therefore, district courts may reduce a term of imprisonment under the compassionate release provisions if four conditions are met: "(1) the defendant exhausted administrative remedies; (2) extraordinary and compelling reasons warrant a sentence reduction; (3) a sentence reduction is consistent

with applicable policy statements issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Chen*, 48 F.4th 1092, 1094–95 (9th Cir. 2022) (internal quotation marks omitted). A court "may deny compassionate release if a defendant fails to satisfy any of these grounds." *Wright*, 46 F.4th at 945.

In his Motion, Defendant notes he seeks compassionate release "for family issues." (Doc. 37 at 1.) Defendant explains his wife passed away and his sons are in the care of his mother-in-law who is sick. (*Id.*) Defendant does not indicate he exhausted administrative remedies. Nor do the circumstances of his family members, insofar as they are described in his Motion, rise to the level of extraordinary and compelling reasons to warrant a sentence reduction. While the Court can appreciate Defendant's concerns about taking care of children given his wife's passing and mother-in-law's illness, the Court cannot properly assess whether these circumstances are extraordinary without more details. For example, if Defendant explained more about his mother-in-law's "serious health conditions" and how they limit her ability to care for his sons, then the Court could assess anew whether these conditions are extraordinary and compelling, given that he also exhausts his administrative remedies. Therefore, the Court finds Defendant is not entitled to compassionate release. However, the Court notes Defendant can renew his Motion if he is able to exhaust administrative remedies and include more details about the extraordinary nature of his family situation.

Moreover, Defendant also briefly requests counsel to help him with his request for compassionate release. There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings "rests with the discretion of the district court." *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). Here, Defendant does not indicate whether and to what extent he has experienced any difficulties in requesting compassionate relief. Rather, he cited his mother-in-law's

illness as the only reason he needs counsel. While the Court can appreciate the difficulties faced by defendants and their families while incarcerated, this allegation alone does not constitute an exceptional circumstance. Further, Defendant's motion is articulate and legible and there is no time limit on filing any subsequent motion for compassionate release. Therefore, the Court will deny Defendant's motion to appoint counsel.

**IT IS ORDERED** Defendant's Motion for Compassionate Release and to Appoint Counsel (Doc. 37) is **DENIED without prejudice**.

Dated this 7th day of August, 2025.

Honorable Scott H. Rash
United States District Judge